IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CHARLES LAMAR NESS,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER CONSTRUING PETITION AS PETITION UNDER 28 U.S.C. § 2241 AND TRANSFERRING CASE<br><br>Case No. 1:09-CV-95 TS<br><br>Criminal Case No. 1:05-CR-82 TS |

## I. INTRODUCTION

The Court, having reviewed this Petition filed under 28 U.S.C. § 2255, finds that it is a challenge to the manner of the Bureau of Prisons' (BOP's) execution of Petitioner's sentence and, therefore, construes the Petition as a Petition under 28 U.S.C. § 2241 and transfers this case, as set forth below.

## II. BACKGROUND

Petitioner is incarcerated at the federal detention center in Fort Dix, New Jersey, serving a 60-month minimum mandatory sentence imposed upon him in Case No. 1:05-

CR-82 TS.  The sentence was imposed on December 13, 2005.  Defendant did not file a direct appeal, and therefore, the one-year period in which to file a Motion under §2255 expired on December 13, 2006.  On July 7, 2009, Petitioner filed the instant case, pursuant to 28 U.S.C. § 2255, alleging that the BOP did not properly credit his time served in state custody against his federal sentence.

### III. DISCUSSION

The Court notes that it appears that this case is filed after the expiration of the one-year period in which to file a Motion under §2255.   However, the Court need not address Petitioner's arguments regarding tolling the statute of limitations for § 2255 because, as discussed below, the Court finds that the present Petition is properly a petition under §2241.

Petitioner argues that the BOP originally credited his time served in a county jail against his federal sentence, but subsequently changed its calculation to delete those days because they had been credited against his state sentence.  Petitioner contends that the BOP's recalculation is in violation of federal law, his Judgment and Commitment,[1] and his due process rights.

The Court finds that this case is properly brought pursuant to § 2241, not § 2255.  Motions under § 2255 are the proper vehicle to challenge the validity of the Petitioner's conviction and sentence and are properly brought in the district where Petitioner was sentenced.  However, in the present case, Petitioner does not challenge the validity of his

---

[1] Docket No. 40 in Criminal Case No. 1:05-CR-82 TS.

federal conviction or sentence, but to what credit he should receive against that federal sentence for time spent in state custody. That is a matter of the execution of the sentence.[2]  "[A] challenge to the execution of a sentence should be brought under 28 U.S.C. § 2241."[3] Section 2241(a) provides that a "[w]rit[] of habeas corpus may be granted by [one of the federal courts] *within their respective jurisdictions.*"[4] Thus, a petition under § 2241 attacking the execution of a sentence "*must be filed in the district where the prisoner is confined.*"[5] Thus, § 2241 is clear that the relief sought by Petitioner must be sought in the District wherein he is detained – in this case, the District of New Jersey. Because the relief sought must be brought in the district where Petitioner is confined, the Court does not have jurisdiction to address the merits of his claims, including his unsupported allegation that his federal sentence was to be served concurrently.

Section 2241 provides that, if a petition is brought outside of the jurisdiction "wherein the restraint complained of is had," the Court "may transfer the application for hearing and determination to the district court having jurisdiction to entertain it."[6]

---

[2] *Binford v. United States*, 436 F.3d 1252 1253 n.2 (10th Cir. 2006) (noting that petitioner conceded that district court correctly construed his §2255 challenge to the BOP's failure to award credit for time served for time spent in state custody as a petition under §2241).

[3] *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity....").

[4] 28 U.S.C. § 2241 (emphasis added).

[5] *Bradshaw*, 86 F.3d at 166 (emphasis added).

[6] 28 U.S.C.§ 2241(b).

## IV.  ORDER

Based upon the above, it is hereby

ORDERED that the Petition is construed as being brought pursuant to 28 U.S.C. § 2241; it is further

ORDERED that this case be TRANSFERRED to the District of New Jersey for resolution; it is further

ORDERED that the Clerk of Court close this case forthwith.

DATED this 21st day of July, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge
